569 So.2d 255 (1990)
STATE of Louisiana, Appellee,
v.
Emmit NABORS, Jr., Appellant.
No. 22015-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
*256 Hunter, Scott, Blud, Johnson & Ross by Louis G. Scott, Monroe, for appellant.
Richard A. Sherburne, Jr., Mark Donahoe, Asst. Dist. Attys., Monroe, for appellee.
Before MARVIN and FRED W. JONES, Jr., JJ., and LOWE, J. Pro Tem.
PER CURIAM.
The defendant Nabors, originally charged with possession of cocaine, pleaded guilty to attempted possession of cocaine pursuant to a plea bargain agreement and was sentenced to prison for 2-½ years.
Defendant appealed his sentence as excessive. Finding error patent on the face of the record, we do not reach this issue.
A constitutionally valid guilty plea bargain requires an express and knowing waiver of the accused's right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Santiago, 416 So.2d 524 (La.1982).
Here, although the court minutes reflect that defendant was advised of his right to a trial by judge or jury, the transcript of the plea colloquy shows the minutes are in error and that defendant's right to a jury trial was not adequately explained to him. This constitutes error patent.
Furthermore, defendant was not clearly informed of the maximum possible sentence which could have been imposed as a result of his plea. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Smith, 513 So.2d 544 (La.App. 2d Cir. 1987). Failure by the trial court to so inform a defendant is error patent on the face of the record. State v. Young, 535 So.2d 1150 (La.App. 2d Cir.1988).
Although defendant did not raise these issues on appeal, under La.C.Cr.P. Article 920 the scope of appellate review extends to errors discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. Inspection of the transcript of the plea proceedings indicates defendant's guilty plea was improperly accepted as it was not based on a knowing and intelligent waiver of his constitutional rights.
For the foregoing reasons, defendant's conviction is REVERSED and sentence is VACATED and the case is REMANDED to the trial court for further proceedings.