PER CURIAM.
Defendant McHenry, charged by bill of information with simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2, pled guilty as charged in exchange for the State’s dismissal of several other pending charges. He was sentenced to eight years at hard labor, two to be served without benefit of parole, with credit for time served. He appealed, assigning as error the excessiveness of his sentence. We do not reach this question, finding instead that an error patent on the face of the record mandates reversal of defen-’ dant’s conviction and sentence.
The record fails to show that the trial court apprised defendant of his right to a trial by jury prior to accepting his guilty plea. A constitutionally valid guilty plea requires an express and knowing waiver of the accused’s right to trial by jury; his right to confront his accusers and his privilege against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). The Louisiana Supreme Court has held a general waiver of the right to trial insufficient to show that a defendant has waived his right to trial by jury. State v. Santiago, 416 So.2d 524 (La.1982). The record must affirmatively show that a defendant was either advised of his right to a trial by jury or that he waived that right. State v. Age, 417 So.2d 1183 (La.1982); State v. Santiago, supra.
Defendant was charged with simple burglary of an inhabited dwelling, a crime which carries with it a minimum penalty of one year at hard labor and a concomitant *591 right to a jury trial. The trial court s failure to advise him of that right precludes a finding that the guilty plea was knowingly and intelligently entered.

Decree

For the foregoing reasons, defendant’s conviction and sentence are REVERSED and the case REMANDED to the trial court for further proceedings in accordance herewith.