674 So.2d 1044 (1996)
STATE of Louisiana, Appellee,
v.
Michael LIAS, Appellant.
No. 28091-KA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1996.
*1045 Indigent Defender Board by B. Kevin Holland, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James Bullers, District Attorney, J. Spencer Hays, Assistant District Attorney, for Appellee.
Before NORRIS, STEWART and GASKINS, JJ.
STEWART, Judge.
Michael Lias was charged by bill of information with possession of a controlled dangerous substance (cocaine). A six person jury found the defendant guilty as charged. The trial court sentenced the defendant to a term of four years at hard labor. On appeal, the defendant argues that the evidence was insufficient to support a finding of guilt on the charge of possession of cocaine. Defendant relies on two assignments of error. As the evidence is insufficient, the defendant's conviction is reversed and the sentence is vacated.

FACTS
On December 31, 1993, the defendant and Andrea Thomas were arrested at the Siesta Motel in Bossier City. Although Ms. Thomas had cocaine concealed on her person, which she threw to the floor at the officers arrival, no drugs were found on the defendant. The Street Crime Interdiction Unit of the Bossier City Police Department had dispatched Sergeant Glenn Sproles, Officers Tommy W. Black, and Thomas Mack to the Siesta Motel based upon information that illegal drug activity was taking place in room 45. They were dressed in black shirts and silver badges that clearly identified them as police officers.
At approximately 11:00 pm, the officers arrived at the Siesta Motel. They observed Shirley Moore leaving room 45. Ms. Moore was recognized as a known drug user. Ms. Moore saw the officers in the parking lot, and threw three plastic bags on the ground.
The officers detained Ms. Moore and retrieved the items discarded, which appeared to be crack cocaine. Ms. Moore was arrested, and informed of her rights. The officers asked her to knock on the door to room 45. Ms. Moore knocked and the defendant opened the door slightly.
As soon as the defendant saw the officers, he attempted to close the door. The defendant also put his right hand in the right front pocket of his coat. The officers reasoned that the defendant might have a weapon in his pocket, so they pushed the door open and entered the room. Sergeant Sproles and the defendant briefly struggled, whereupon the defendant was secured on the bed and handcuffed. The defendant was searched, and a knife recovered from his right front coat pocket. However, no drugs were found on the defendant.
Ms. Thomas was present in the room when the officers entered. She immediately threw a matchbox on the bedroom floor and ran into the bathroom. Officer Black followed her and observed her take an off-white rock-like *1046 object from her pocket and throw it on the floor. After securing Ms. Thomas, the officer retrieved the object that had been thrown to the floor. Officer Black testified that both the matchbox and rock-like object were on Ms. Thomas' person before thrown to the floor.
Officer Mack retrieved the matchbox that Ms. Thomas had thrown on the bedroom floor. The matchbox contained seven small rock-like objects. It was later determined that the objects in the matchbox, as well as the object thrown down on the bathroom floor, were rocks of crack cocaine. The rock retrieved from the bathroom weighed nearly an eighth of an ounce. During Officer Black's testimony, he explained that it would have been broken into smaller pieces, as it was too large to smoke.
Officer Black also searched the room and discovered three crack cocaine pipes, a Brillo pad used to secure the crack cocaine in the pipe, as well as small plastic bags used to package crack cocaine. At trial, Officers Black and Mack identified S-1 as a bag containing the crack cocaine pipes, the Brillo pad, and plastic bags discovered in the room, as well as the knife found on the defendant. All of the officers identified S-2 as a bag containing the large rock of cocaine retrieved from the bathroom floor, and the matchbox containing the seven smaller rocks of crack cocaine. Although S-2 was admitted as evidence, the trial court sustained an objection of irrelevancy to the admission of S-1.
At the time of their arrest, both the defendant and Mrs. Thomas lived in Bossier City. No suitcases, overnights bags, clothes or personal items were found in the motel room. The size of room 45 was 12 x 13 feet. Officer Mack stated that it consisted of a bedroom and bathroom. Dinu Patel, owner of the motel, testified that the room was registered to Ms. Thomas on December 30, 1993, and December 31, 1993. Mr. Patel obtained this information from room register records kept in the normal course of his business, which were admitted as evidence.

DISCUSSION
The defendant contends that the evidence presented at trial was insufficient for the jury to convict him of possession of cocaine. Defendant argues that the state was unable to establish whether the defendant exercised dominion and control sufficient to constitute an actual or constructive possession.
When the issue of sufficiency of evidence is before an appellate court, the crucial inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cotton, 25, 940 (La.App.2d Cir. 3/30/94), 634 So.2d 937.
That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Combs, 600 So.2d 751 (La.App.2d Cir.1992), writ denied, 604 So.2d 973 (La.1992). For circumstantial evidence to convict, upon assuming every fact to be proved that the evidence tends to prove, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. However, that rule does not establish a stricter standard of review than the rational juror's reasonable doubt formula, but instead provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. Ultimately all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond reasonable doubt. State v. Combs, supra.
An appellate court reviewing the sufficiency of the evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element *1047 of the crime. State v. Tate, 25,765 (La.App.2d Cir. 2/23/94), 632 So.2d 1213.
Possession of a controlled dangerous substance is defined in LSA-R.S. 40:967(C). In order to convict the defendant for possession of cocaine, the State must prove that the defendant was in possession of the drug, and that he knowingly or intentionally possessed the controlled dangerous substance.
The element of possession may be established by showing either that the defendant exercised actual or constructive possession of the substance. State v. Young, 618 So.2d 1149 (La.App.2d Cir.1993). For a person to constructively possess a drug, it must be subject to his dominion and control, and he must have knowledge of its existence. State v. Alford, 323 So.2d 788 (La.1975).
Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Riley, 587 So.2d 130 (La.App.2d Cir.1991). Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. State v. Johnson, 404 So.2d 239 (La.1981). However, the mere presence of the defendant in the area where a controlled dangerous substance is found, or mere association with a person in possession of the substance, is insufficient to constitute constructive possession. State v. Harris, 597 So.2d 1105 (La.App.2d Cir.1992)
Several factors may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession. They are (1) the defendant's knowledge that illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the defendant's access to the area where the drugs were found; (4) evidence of recent drug use by the defendant; and (5) the existence of paraphernalia. State v. Appacrombie, 616 So.2d 285, 288 (La.App.2d Cir.), writ denied, 623 So.2d 1302 (1993).
In the instant case, there is no evidence regarding the relationship of the defendant with Ms. Thomas or his access to room 45. The room was registered in Ms. Thomas' name, and there was no evidence that the defendant had a key in his possession at the time he was searched. The officers entered the room shortly after arriving at the motel; therefore, they did not know how long the defendant had been in the room. No property found in the room belonged to the defendant.
The evidence is insufficient to prove that the defendant knew that drugs were present on Ms. Thomas' person, nor that drug paraphernalia was present in the room. The dimensions of the room were small, and there were no drugs in plain view. Ms. Thomas had the matchbox and the large rock of cocaine on her person prior to throwing them on the floor. The drug paraphernalia was hidden under the bed. After the officers entered the room, no conversation took place between the defendant and Ms. Thomas. There was no evidence that either the defendant or Ms. Thomas exhibited signs of recent drug use.
Therefore, the sole evidence that the defendant knew drugs were in the room includes the fact that Ms. Moore had just left with plastic bags of crack cocaine, and the defendant's attempt to close the door when he saw the police officers. This is insufficient to exclude a reasonable hypothesis of innocence. It is possible that Ms. Moore had the crack cocaine in her possession when she entered the room. The numerous possibilities for the defendant's behavior does not lead this court to conclude that the defendant was in possession, or knew of the presence of the cocaine. Additionally, the defendant may have attempted to close the door because he did not want the police in the room, and did not think they had a right to enter without a warrant.
The state emphasizes that there were no suitcases or clothes in the room. The defendant lived in Bossier City at the time and had no need for a motel room. The State asserts that the only reasonable conclusion for the defendant's presence is drug activity. However, it would be reasonable to conclude that the defendant and Ms. Thomas were present in the room to engage in other activities. Thus, the evidence is insufficient to *1048 support the defendant's conviction for possession of cocaine.
In light of our holding, this court declines to address the remaining assignment of error.

DECREE
For the foregoing reasons, the defendant's conviction and sentence are reversed. Michael Lias is ordered discharged from this offense.
REVERSED.