JjWRIT GRANTED IN PART; DENIED IN PART'> REMANDED

This case was previously considered by this court as State v. Walker, 32,342 (La.App.2d Cir.9/24/99), 747 So.2d 133. The court affirmed defendant’s conviction for possession of CDS but vacated his adjudication as a fourth felony offender and the accompanying life sentence, and remanded for further proceedings.
In vacating the fourth offender adjudication, the panel noted that the minutes of defendant’s 1986 guilty plea for forgery and his 1987 guilty plea for simple burglary did not reflect that he was advised of his right to a trial by jury. However, the panel found the state had “not been afforded an opportunity to rebut the defendant’s proof [that his pleas were infirm] by introducing a ‘perfect’ transcript or other evidence as described in” State v. Shelton, 621 So.2d 769 (La.1993). We remanded for further proceedings.
After remand, the state was unable to obtain transcripts of the 1986 and 1987 guilty pleas. The state submitted the case to the district court on the evidence previously provided to the court. The district court ruled, based on the evidence submitted, and in accord with that court’s interpretation of this court’s ruling, that defendant was a second felony offender.
Upon timely objection by the state, the court granted a stay of sentencing and this writ application followed.
The state now argues that the original panel in this case erred in determining defendant had made a showing that the prior 1987 guilty plea was invalid. The state concedes the 1986 guilty plea was invalid. The state further argues that since the district court found defendant to be a fifth felony offender, removing the 1986 conviction from multiple-offender-consideration still leaves defendant as a fourth offender. That argument is predicated on convincing this court to reverse *128 itself as to legality of the 1987 guilty plea as a predicate conviction.
|2That argument, however, is based on evidence originally submitted to the trial court and then to this court on appeal. At the hearing after remand, the state did not submit any new evidence. Thus, the state did not overcome the res judicata determination that the 1987 guilty plea was invalid for sentence enhancement. Therefore, that conviction may not now be used for sentence enhancement purposes. Thus, we deny the writ insofar as it seeks an order to the district court to adjudicate defendant as a fourth felony offender.
However, the original trial court found defendant to be a habitual offender with five felony convictions. After subtracting the 1986 conviction-which the state concedes may not be used for enhancement- and subtracting the 1987 conviction-because the state failed to produce any new evidence to overcome the showing of constitutional infirmity in the guilty plea, a matter which is res judicata-defendant potentially remains a third felony offender.
The district court erred in interpreting this court’s opinion as holding defendant was a second felony offender. This court merely stated that defendant was not a fourth felony offender in the absence of proof to the contrary in accord with Shelton, supra.
Due to this misunderstanding, the matter is remanded for further proceedings. The district court should determine the number of valid prior convictions which may be considered for sentence enhancement purposes consistent with this opinion.
WRIT GRANTED IN PART; DENIED IN PART; REMANDED.