791 So.2d 780 (2001)
STATE of Louisiana
v.
Donetra R. COLEMAN.
No. 2001-KA-0112.
Court of Appeal of Louisiana, Fourth Circuit.
July 11, 2001.
*781 Harry F. Connick, District Attorney, Val M. Solino, Assisant District Attorney, New Orleans, Counsel for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER and Judge JAMES F. McKAY III.
WALTZER, Judge.
Donetra Coleman was charged with possession of cocaine. After a motion to suppress the evidence was denied, the defendant withdrew her not guilty plea and pleaded guilty as charged reserving her right to appeal the trial court's denial of the motion to suppress the evidence pursuant to State v. Crosby, 338 So.2d 584 (La. 1976).[1] She was sentenced to serve two years at hard labor, suspended.
The following facts were adduced from testimony taken at the hearing on the motion to suppress the evidence:
Officer Mark McCraney testified that he is assigned to the Sixth District C.O.P.S. Unit. He stated that on 1 July 2000, at approximately 7:25 a.m. he was conducting a criminal investigation in the 1400 block of South Robertson Street, when he observed the defendant exiting the courtyard of the Guste Public Housing Development. The defendant questioned the officers about their investigation. The officer asked the defendant to identify herself. She told him that her name was "Kim Carter". The defendant had no identification papers. She was also unable to give an explanation why she was in the area, more particularly, she was unable to furnish the name and/or place where she had visited. After a computer check revealed no information on a "Kim Carter" and the defendant told the police that she did not live in the Housing Development, the police gave her a summons for trespassing and arrested her. Officer McCraney testified that he chose to arrest the defendant because in his experience a person of defendant's age has some identification and generally can be located in the computer. Incident to the arrest for trespassing, the defendant was searched and a glass pipe with white powder rolled in money was retrieved from the defendant's person. The defendant was booked under the name of Kim Carter.
On cross-examination the officer admitted that it was not illegal for the defendant to talk to him. He further agreed that the Housing Authority did not determine by rule that the actions of the defendant constituted criminal trespass. The officer did not know whether there were trespass postings in the Housing Development. The officer stressed that the defendant had nothing to show that she had the authority why she was at the Housing Development. There is no testimony in the record that the defendant engaged in any suspicious behavior or that she interfered with the police investigation allegedly in progress. She was not described as being nervous upon being spoken to by the police. In fact, the record shows that the defendant approached the police in a straight forward way. It was early in the morning and the defendant was not in the hallways or on private property. There is *782 no testimony on the record that she was known to loiter in the area or that she attempted to flee, or that the police was in any kind of danger necessitating a patdown for dangerous weapons. The officer did not testify that she resisted arrest by giving a false name (he booked her under the bogus name) or that she refused to move on after being told to do so. LSA-R. S. 14:108(B)(c) and (d). There is no testimony that the defendant obstructed the sidewalk. The officer determined that she was trespassing, when she told him she did not live in the Housing Development.

ERRORS PATENT:
A review for errors patent reveals none.
ASSIGNMENT OF ERROR: The district court erred in denying the motion to suppress the evidence because the search was based on an illegal arrest.
Defendant argues that Officer McCraney had no reason to stop and question defendant, there was no probable cause for the arrest, and Officer McCraney used the municipal ordinance as a pretext to arrest defendant. Defendant asserts that Officer McCraney had cause only to issue a trespassing summons.
The authorization for an investigatory stop by a police officer is set forth in LSA-C. Cr. P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
(Emphasis added.)
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
This court held in State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4 Cir.1990):
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. [Citations omitted.]
The detaining officer must have articulable knowledge of particular facts to justify the infringement on the individual's right to be free from government interference. State v. Williams, 421 So.2d 874 (La.1982). Based upon the totality of the circumstances, the detaining officers must have a particularized and objective basis for suspecting the individual of criminal activity. U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
It is well settled that a search conducted without a warrant is per se unreasonable, subject only to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tomasetti, 381 So.2d 420 (La.1980). One of those exceptions is a search incident to a lawful arrest and made of the arrested person and the area in his immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
Defendant cites State v. Walker, 32-342 (La.App. 2 Cir. 9/24/99), 747 So.2d 133, where the Court of Appeal for the Second Circuit considered whether a trespass gave rise to reasonable suspicion for an investigatory stop which led to the defendants' arrest for possession of drugs. The court ultimately found that the officers' reasonable suspicion did not rise to the level of probable cause to arrest the defendants because there was no evidence of trespass. In that case, the defendants gave unclear answers to the officer's questions. The court noted that the parking area was *783 neither fenced not posted with any sign prohibiting parking after business hours or trespassing. The defendants were in a car with Mississippi license plates, and the driver had a California driver's license. Defendant argues that the facts in Walker are similar to the instant facts and that Officer McCraney used the trespass ordinance as a pretext to stop and arrest her.
Criminal trespass is defined in pertinent part in La.R.S. 14:63 and in the Municipal Code Section 54-163 as follows:
(A) No person shall without authorization intentionally enter any structure, watercraft, or movable.
(B) No person shall intentionally enter immovable property owned by another:
(1) When he knows his entry is unauthorized, or
(2) Under circumstances where he reasonably should know his entry is unauthorized.
In State v. Parker, 97-1994 (La.App. 4 Cir. 12/9/98), 723 So.2d 1066, this Court found that the defendant's detention was illegal and the seized evidence should have been suppressed. The officers testified that the stop was made pursuant to a "rule" prohibiting a person from being in the Lafitte Housing Development without the permission of a resident. The officers testified that they knew from a previous arrest that the defendant did not reside in the project. However, they did not testify to a reasonable belief that the defendant did not have exact provisions of the Lafitte Housing Development trespassing rule were never established in the record by way of testimony or otherwise. This Court was unable to determine whether or not such a rule existed or if it was violated by the defendant. Thus, this Court held that the mere fact that the defendant was in a housing development did not give the officers reasonable suspicion that he was committing, had committed or was about to commit a crime when the officers initiated the stop.
In the instant case, Officer McCraney and the other officers were conducting an investigation when defendant approached the officers and began questioning them about their investigation. The defendant made the initial contact. In response to her questions, Officer McCraney asked defendant to identify herself and to provide her address. Defendant gave the name "Kim Carter" and told the officer that she was not a resident of the housing complex. Her reason for being in the complex was to visit a friend. However, defendant had no identification on her person such as a driver's license or other form of identification. In addition, she could not identify the person she had visited or their address in the housing complex. Officer McCraney was unable to obtain any computer information for a "Kim Carter".
While it is true that a summons without more may not have insured the defendant's appearance in court, the officer still needed to have probable cause in order to issue a summons and arrest the defendant.
The instant case is almost identical on the facts as in State v. Walker, 32-342 (La.App. 2 Cir. 9/24/99), 747 So.2d 133. The only distinguishing feature is that the initial contact was made by the defendant and not by the police. We find this to be distinction without difference.
We are not able to say that the arrest of the defendant was pre-textual, but we cannot find anything illegal in the defendant's behavior in speaking with the police. The record does not reflect that she interfered with the police investigation. The police had not even asked her to move on. The defendant seems to have annoyed the officer by speaking to him, rather than obstructing the officer in his official capacity or posing a danger to him taking away his attention from the scene. We conclude that Walker is apposite and that it was not *784 reasonable for the officer to arrest the defendant for a violation of LSAR. S. 14:108. Accordingly, we reverse the defendant's conviction and sentence.
CONVICTION AND SENTENCE REVERSED.
McKAY, J., dissents.
McKAY, J., Dissenting.
I respectfully dissent from the majority's opinion. I find no error in the trial court's denial of the defendant's motion to suppress the evidence and would affirm the defendant's conviction and sentence.
In the instant matter, the defendant asserts that the search was based on an illegal arrest. Here the officers were conducting an investigation and arrest when the defendant interjected herself and began questioning the officers. The defendant by way of authority references State v. Walker, 32-342 (La.App. 2 Cir. 9/24/99), 747 So.2d 133. In that case our colleagues in the Second Circuit held that the police officers' reasonable suspicions did not rise to the level of probable cause to arrest because there was no evidence of trespassing in a parking lot which had no prohibition to trespassing posted. The instant case can be distinguished in that the defendant was walking in the Guste Public Housing Development when she engaged the police officers while they were conducting a police investigation. She could not provide personal identification, nor could she identify the person she claimed to have been visiting or the address. Also in support of her argument the defendant references State v. Parker, 97-1994 (La.App. 4 cir. 12/9/98), 723 So.2d 1066, in which this Court held that the defendant was illegally detained and suppressed the evidence. The police officers testified that the stop was made pursuant to a "rule" prohibiting a person from being in the Lafitte Housing Development without permission from a resident. In Parker this "rule" was never fully established either by testimony or evidence. By similarity, in the case sub judice, the evidence of a "rule" on trespassing for the Guste Public Housing Development was also never clearly established. Nevertheless, with that being said, the defendant interjected herself into a police investigation and began questioning the officers.[1] The defendant made the first contact. The officers determined that given their experience and the actions of the defendant, they had reasonable suspicion, which rose to the level of probable cause to arrest the defendant for trespassing. Pursuant to this arrest the contraband was discovered in her waistband. She was then informed that she was under arrest for cocaine and drug paraphernalia. Given the totality of the circumstances, the officers had probable cause to arrest the defendant for this violation and could search her and lawfully seize the contraband.
NOTES
[1] The trial court erroneously granted defendant his right to appeal pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[1] The defendant's actions could be construed as violations of La.R.S. 14:108, although, she was initially arrested for municipal trespassing.