I t STEWART, J.
In this appeal after remand, Jerry Walker Jr., convicted of possession of cocaine *710 and adjudicated a second felony offender, appeals his sentence to ten years at hard labor as excessive.[1] For the following reasons, we affirm. On
October 10, 1996, a Shreveport police officer arrested the defendant for trespassing when he was seen engaging in an illicit sexual act with another male during the daytime in a residential area. During the arrest procedure, Walker dropped a crack pipe from his hand. The police also found a bag containing a $10 rock of crack cocaine where defendant had been sitting. The trial court originally adjudicated the defendant as a fourth felony offender and imposed the mandatory sentence of life imprisonment. On appeal, this court affirmed the conviction but vacated the habitual offender adjudication and the life sentence due to infirmities in two of the predicate guilty pleas and remanded for further proceedings. State v. Walker, 32,342 (La.App.2d Cir.9/24/99), 747 So.2d 133. On remand, the district court adjudicated defendant as a second felony offender and imposed the maximum permissible sentence of ten years at hard labor.
Walker contends the sentence to ten years at hard labor without benefit of probation, parole or suspension of sentence is excessive in light of the fact that defendant’s numerous prior convictions were for “relatively minor offenses” and that no period of incarceration imposed for those prior offenses was for a significant length of time.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that | ¡¡the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Walker has not urged that the trial court’s articulation of reasons for sentence was inadequate.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
However, this maximum sentence rule is more difficult to apply in contraband possession cases than in cases involving violent offenses, and past records of drug offenses should weigh heavily in the decision to uphold the imposition of maximum sentences. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.), writ denied, 605 So.2d 1113 (La.1992); State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392.
*711 A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v.. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the district court considered several PSI reports which detailed the facts of defendant’s pri- or felony convictions and his social history. The court noted that defendant had “well over two decades of consistent commission of crimes, including the uniform controlled dangerous substance law, unauthorized entry of a business, forgery, simple burglary, dozens of arrests ranging from misdemeanors to other matters that are more serious ... spread over several cities and several parishes in Northwest Louisiana.” Walker also had a conviction for possession of drag paraphernalia. The court noted that defendant had been “pampered repeatedly by the criminal justice system” and determined that the maximum sentence was appropriate.
On this record, we do not find constitutional error. Walker, age 37 at the time of his commission of the offense of conviction, had been arrested 35 times since 1978. He has felony convictions for simple burglary in 1978, 1986 and 1993, and two convictions for forgery in different parishes in 1985. He has other convictions for traffic violations, simple theft, possession of marijuana, shoplifting, entering and remaining, battery, resisting an officer, misrepresentation during booking, and hit and run. Periods of probation were revoked in 1981 and 1995; parole was revoked in 1992 and 1993. All |4of these revocations were due to defendant’s commission of and convictions for new offenses. As of the date of the most recent PSI, defendant had pending charges of possession of a firearm by a convicted felon, simple burglary, simple escape and three felony theft charges.
Walker has a seasonal employment history. He dropped out of school at 17 and does not claim to be married or to have any dependents. His record indicates he is a career criminal and a danger to society.
The sentence imposed is lawful. Under the circumstances, which place defendant in that class of offenders for whom maximum sentences are appropriate, the sentence is neither grossly disproportionate to the severity of the offense committed by Walker, nor is it shocking to our sense of justice. There is no showing of a manifest abuse of the district court’s broad discretion. Therefore, the sentence is not constitutionally excessive. The assigned error is without merit.
Our review of the record shows that the trial court failed to adequately advise the defendant of the delays contained in La.C.Cr.P. art. 930.8 for filing for post-conviction relief. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for re-sentencing. The Louisiana Supreme Court has held that La.C.Cr.P. art. 930.8(C), which requires the trial court to inform the defendant of the limitation period for filing an application for post-conviction relief, is supplicatory language and does not bestow an enforceable right upon an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. The defendant should have been advised by the trial court, and is now advised by this court’s opinion, that no application for post-conviction relief, 1 ¡Including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. *712 C.Cr.P. arts. 914 or 922. The sentence is affirmed.
AFFIRMED.

. Because defendant has been convicted of three or more felonies, this sentence must be served without benefit of parole. La. R.S. 15:574.4 A(1).