618 So.2d 1149 (1993)
STATE of Louisiana, Appellee,
v.
Denny Dewitt YOUNG, Appellant.
No. 24734-KW.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
Rehearing Denied June 17, 1993.
*1150 James R. Phillips, Asst. Indigent Defender, Bossier City, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Whitley R. Graves, Asst. Dist. Atty., Benton, for appellee.
Before NORRIS, VICTORY and BROWN, JJ.
VICTORY, Judge.
Defendant, Denny Young, filed this writ application following his convictions for misdemeanor possession of marijuana and drug paraphernalia. Because the state failed to prove beyond a reasonable doubt the defendant was in possession of marijuana or drug paraphernalia, we reverse the convictions and vacate the sentences imposed.

FACTS
The evidence at trial consisted entirely of the testimony of three police officers. On May 8, 1992, Sergeant Lott of the Bossier City Police Department obtained a search warrant for a residence located at 1169 Dudley Street. Officers set up surveillance of the residence at about 8:00 p.m. Soon after surveillance began, James "Bubba" Commander and Evelyn Renee Scott were observed leaving the residence, but returned soon thereafter. Later, Gary Bailey arrived at the premises for a short time, and then Bailey, Commander and defendant left. They stayed gone for approximately thirty minutes to an hour, after *1151 which time Young was dropped off at the residence. Bailey and Commander later returned to the residence, arriving well before the search warrant was executed.
Officers executed the search warrant at 1:12 a.m. on May 9, 1992. They encountered both Bailey and Commander in the living room; the defendant was found asleep in a bedroom. In plain view on the living room floor near Bailey and Commander, officers found a plastic tray containing marijuana, a plastic baggie containing marijuana partially concealed under a love seat, and marijuana cigarette butts and "roach clips". A syringe and three needles were found inside a bathroom cabinet and under the bathroom sink. There was no marijuana or drug paraphernalia seized from the person of the defendant, or in the bedroom where he was sleeping.
Evelyn Scott appeared on the scene after the search warrant had been executed. She told police that she rented the residence, that both Commander and Young lived there, and Young had been staying there for two to three weeks. Scott claimed to have purchased the marijuana, but it had been delivered to the residence at an unspecified time by someone she would not name.
At trial when asked if he had found any evidence to connect Young to the marijuana found in the residence, Officer Lott testified that it was clear to him that marijuana had been smoked in the residence over a period of time because the odor upon entering the residence was not overwhelming, as it would be if the officers had entered while it was being smoked. Lott also testified that Young was "glassy-eyed," and appeared "awkward or unstable" and that his speech was "slurred, loud, joking."
In finding Young guilty of possession of marijuana, the judge stated:
Every day or two I buy a gallon jug of sweet milk and put it in my ice box. I'm the one who buys it and I have folks that come and go in my house and stay there and they're just as much in possession of that gallon jug of sweet milk as I am, because it's in there and they can get it anytime they want to. And it's based on that reasoning that I don't find any problem finding you guilty beyond a reasonable doubt. The marijuana and paraphernalia was laying around all over the house. It had been there and it would test any reason at all to find you had been living there two or three weeks and that you didn't have access to it, whether you smoked it or not. But you had access to it.

DISCUSSION
Defendant's convictions rest on circumstantial evidence. In cases resting on circumstantial evidence, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. As an evidentiary rule, it restrains the factfinder in the first instance, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove, and then to convict only if every reasonable hypothesis of innocence is excluded. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. State v. Shapiro, 431 So.2d 372 (La.1982); State v. Hammontree, 363 So.2d 1364 (La. 1978).
In reviewing the sufficiency of the evidence to support a conviction, an appellate court is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Nealy, 450 So.2d 634 (La. 1984); State v. Doby, 540 So.2d 1008 (La. App. 2d Cir.1989), writ denied, 544 So.2d 398 (1989). An appellate court reviewing the sufficiency of the evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred *1152 from the circumstantial evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988). The circumstantial evidence rule does not establish a stricter standard of review than the more general Jackson v. Virginia formula, but a hypothesis of innocence that is sufficiently reasonable and sufficiently strong must necessarily lead a rational fact finder to entertain a reasonable doubt. State v. Lott, supra.
To convict for the crime of possession of a controlled dangerous substance or drug paraphernalia, the state must present evidence that the defendant exercised actual or constructive possession of the substance. For a person to constructively possess a drug, it must be subject to his dominion and control, and he must have knowledge of its existence. State v. Alford, 323 So.2d 788 (La.1975). Guilty knowledge is an essential element of the crime and the determination of whether there is possession sufficient to convict depends on the facts of the particular case. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Cann, 319 So.2d 396 (La.1975). The mere presence in the area where drugs are discovered, or the mere association with the person who controls the drug, is insufficient to support a finding of possession. State v. Cann, supra; State v. Moore, 490 So.2d 588 (La.App. 2d Cir. 1986)
Since each case must be decided on its own facts, we review a number of cases from this court to give guidance in determining what facts constitute constructive possession of drugs or drug paraphernalia.
In State v. Matthews, 552 So.2d 590 (La. App. 2d Cir.1989), the defendant was found alone in his apartment. Contraband was found in plain sight, the smell of marijuana was prevalent, and marijuana cigarette butts were found in close proximity to the defendant. This court found that the evidence was sufficient to sustain a conviction for constructive possession.
In State v. Riley, 587 So.2d 130 (La.App. 2d Cir.1991), 33 bags of cocaine were found in a room that was registered to the defendant, and which also contained his wallet and driver's license. The defendant had the key to the room, and no one else was in the room. The defendant was also in possession of 12 grams of cocaine when arrested in his car. The court found the evidence sufficient to support a conviction for possessing the cocaine found in the room.
In State v. Hughes, 587 So.2d 31 (La. App. 2d Cir.1991), the defendant was walking out of a bedroom where a bag of marijuana was found in plain view, and paraphernalia and more marijuana were found hidden in the room and throughout the house. The defendant was an occupant of the house and admitted to selling drugs. The court found that the evidence was sufficient to support a finding of constructive possession.
Other cases illustrate the circumstances in which the courts have found that the evidence was not sufficient to support a verdict of guilty. State v. Dunn, 446 So.2d 829 (La.App. 2d Cir.1984), involved a defendant who was not present on the premises at the time the search warrant was executed. The defendant had given the address of the searched apartment as his own, but he had not stayed there the day or night before the warrant was executed. The court noted, inter alia, that the defendant did not have a key or free access to the premises, and held that the evidence did not support a finding that he had constructive possession of the drugs found in the apartment.
In State v. Alford, supra, the lessee and occupant of the house were named in the search warrant, but not the defendants. The house was unoccupied at the time of the search, and a small amount of marijuana was found hidden throughout the house. The defendants drove up to the house during the search and quickly drove away. When apprehended moments later, they admitted that they had been staying at the house for about three weeks. No contraband was found in the car. The court found that the evidence was not sufficient *1153 to support a conviction for possession, noting that the state had failed to prove that the defendant had any knowledge that the contraband was in the house, that they knew or were associated with the occupant, that they had access to the house, that they had been in the home on the morning of or the day preceding the search, that they had drugs in their possession, or that they had any control of the drugs found on the premises.
In State v. Cann, supra, when a search warrant for an apartment was executed, officers found the defendant in a bedroom behind locked doors. No contraband was found on him or in the room where he was found. Marijuana was found in the kitchen and in the outside garbage. The apartment belonged to someone else, and other people were found in the apartment. The court found that the evidence was not sufficient to uphold a finding that the defendant had constructive possession of the drugs. There was no evidence that the defendant knew that contraband was in the house, that he lived there, that he had been in the apartment on other occasions, that drugs were found on the defendant or in the area of the apartment where he was found, or that he had or shared possession, dominion, or control over the marijuana in the house.
In State v. Walker, 369 So.2d 1345 (La. 1979), a search warrant was issued for the residence of someone other than the defendant. The defendant emerged from a rear bedroom that had been converted into a lounge area. A search of his pockets revealed a matchbox containing contraband pills. These pills were excluded from evidence. Other illegal drugs were found in the freezer compartment of the refrigerator, in a cigarette pack in the rear bedroom, and on the ground outside the bedroom window. The court noted that the state had shown that the defendant was closer to some of the drugs at the time the police entered the residence than was the named resident. Even so, the court stated that, once the pills found on the defendant's person were excluded, the state had presented no evidence to show that the defendant knew, or had reason to know, that drugs were present on the premises, or that he exercised control over any of the drugs seized and admitted into evidence.
In State v. Harris, 597 So.2d 1105 (La. App. 2d Cir.1992), the defendant was sitting on the couch in the living room of a residence with a female friend. When police arrived the defendant got up and walked around to the back of the couch before being ordered by police to sit back down on the couch. A search of the house revealed a matchbox containing cocaine behind the couch where the defendant had briefly stood. Drug paraphernalia was found in another room of the house. The defendant did not live in the residence where the cocaine was found. This court noted that the arresting officer had admitted that it was possible for either the defendant or his lady friend to have put the cocaine behind the couch, and both had been near the place where the cocaine was found. The court held that the evidence was not sufficient to uphold a finding of possession of cocaine.
Here, Young does not have a clear and logical link to the drugs and paraphernalia that the courts found in the cases where the evidence was held sufficient to uphold a verdict of guilty of possession. There were no drugs found on his person or in the room where he was found sleeping to link him to the drugs found in other rooms of the house. To the contrary, the contraband in plain view was most easily associated with the people who were sitting in the room where it was found, Bailey and Commander. Sergeant Lott testified that Evelyn Scott told him that she had bought the drugs and that the drugs had been delivered to the residence by a man she would not name.
Even though Young had access to the residence, there are at least two others, Commander and Scott, who had the same access. The state did not prove that Young had physical possession of any contraband, that he had knowledge of any contraband, or that he had dominion and control over any contraband. This case rests entirely on Young's mere presence in, *1154 and access to, the premises. However, presence alone is insufficient to convict for possession. State v. Cann, supra. Further, mere access to and presence on the premises under the facts of this case, without proof of knowledge of the presence of the drugs, is insufficient to convict because the evidence does not exclude every reasonable hypothesis of innocence.
From the evidence presented, one could reasonably conclude Bailey and/or Commander had the drugs and paraphernalia hidden on them, or in the car when they dropped defendant off, and only brought them into the house after defendant was asleep. It would also be reasonable to conclude that the drugs could have been hidden in the house by Bailey, Commander, or Scott without defendant's knowledge. Even assuming that defendant was "high" on drugs, or even marijuana at the time the warrant was executed, there is no showing that it was from any drugs that were located in the house.
In conclusion, the state failed to prove that the defendant knew of the marijuana and paraphernalia, and thus, failed to prove constructive possession. Because the evidence presented fails to exclude every reasonable hypothesis of innocence, the conviction must be reversed and the sentences vacated.
CONVICTIONS REVERSED AND SENTENCES VACATED. DEFENDANT DISCHARGED.
BROWN, J., dissents with written reasons.
BROWN, Judge, dissenting.
Defendant resided in the house. Officer Lott testified that marijuana had been smoked over a period of time in the house. Lott further testified that defendant was "glassy-eyed," "awkward or unstable" and his speech was "slurred, loud, joking." The defense presented no evidence. A common-sense consideration of the evidence supports the trial court's decision of guilty.
I respectfully dissent.

APPLICATION FOR REHEARING
Before NORRIS, HIGHTOWER, VICTORY, BROWN and STEWART, JJ.
Rehearing denied.