634 So.2d 977 (1994)
STATE of Louisiana, Appellee,
v.
Terry FERRELL, Appellant.
No. 25851-KA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
*979 Indigent Defender Bd. by William Rick Warren, Charles A. Smith, for appellant.
Richard P. Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Whitley Graves, Asst. Dist. Atty., for appellee.
Before BROWN, STEWART and WILLIAMS, JJ.
STEWART, Judge.
Terry Ferrell was originally charged with possession of cocaine with intent to distribute. He was convicted by a jury of possession of cocaine. He was sentenced to three years of imprisonment at hard labor. Ferrell appeals his conviction and sentence. For the following reasons, the conviction and sentence are affirmed.

FACTS
On August 12, 1992, officers of the City of Minden Police Department executed a search warrant at the residence of Terry Ferrell and his wife, Kawannia Ferrell. As the police entered the home, Ferrell tried to run away from the police officers. Ferrell was chased down and subdued. Before being subdued, Ferrell tossed an object away from his person. This object was retrieved and was later found to contain crack cocaine. A search of the house revealed a prescription medicine bottle which contained cocaine residue.
Ferrell was charged with possession of cocaine with intent to distribute. After a trial on the merits, he was convicted of possession of cocaine. The trial court sentenced Ferrell to three years of imprisonment at hard labor. Ferrell appeals his conviction and sentence, making two assignments of errors.

DISCUSSION

ASSIGNMENT OF ERROR No. 1:
Ferrell contends that there was insufficient evidence at trial to support a guilty verdict. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App.2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Harris, 625 So.2d 228 (La.App.2d Cir.1993).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const., Art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App.2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Harris, supra; State v. Rogers, 494 So.2d 1251 (La.App.2d Cir.1986), writ denied, 499 So.2d 83 (La. 1987). It is the province of the jury, and not that of the appellate court, to assess credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984).
To support a conviction for possession of cocaine, the state must prove that the *980 accused was in possession of the illegal drug and that he knowingly or intentionally possessed the drug. LSA-R.S. 40:967(C). Louisiana courts have consistently held that guilty knowledge is an essential element of the crime of possession. State v. Goiner, 410 So.2d 1085 (La.1982). The mere presence in an area where drugs are discovered, or the mere association with a person who controls the drug, is insufficient to support a finding of possession. State v. Cann, 319 So.2d 396 (La.1975); State v. Young, 618 So.2d 1149 (La.App.2d Cir.1993).
The state is not required to prove actual or physical possession, but may instead show constructive possession, that is, that the defendant had dominion and control over the contraband in addition to knowledge of its existence. State v. Alford, 323 So.2d 788 (La.1975). The determination of whether there is possession of cocaine sufficient to convict depends on facts peculiar to each case. State v. Trahan, 425 So.2d 1222 (La. 1983).
Three Minden police officers testified at Ferrell's trial: Officer Hank Haynes, Officer Raymond J. Yetman, and Officer Dan Weaver. Officer Haynes testified that he was the officer who chased Ferrell down and that he saw Ferrell throw an object to the floor. He also testified that he yelled that he had seen Ferrell throw something onto the floor. Officer Weaver testified that he heard Officer Haynes yell out that he had seen Ferrell throw something onto the floor. Officer Raymond J. Yetman testified that he retrieved the object from the floor while Officer Haynes was subduing Ferrell. The thrown object was a white vial in which appeared to be several large rocks of crack cocaine. A later analysis determined that the rocks were in fact crack cocaine with a total weight of 1.51 grams. Upon searching the remainder of the house, an orange prescription bottle was found which, according to a later crime lab analysis, contained cocaine residue.
In his defense, Ferrell called only one witness, Kawannia Ferrell. She testified that she was a cocaine addict and that the cocaine in question belonged to her. She also testified that her husband did not approve of her smoking crack and that he had no knowledge of the presence of cocaine in the home. When she was cross-examined, Kawannia Ferrell admitted that she had given a prior statement where she had said that she kept her cocaine in a Tylenol type bottle. This was the only exculpatory testimony presented at the trial.
Ultimately, the jury had to make a credibility determination of whether to believe the two police officers or Ferrell's wife. Where the trier of a fact has made a rational credibility determination, this court will not disturb it. Williams, supra at 755. Thus, this assignment of error has no merit.

ASSIGNMENT OF ERROR No. 2
Ferrell contends that he should have received a suspended sentence. He also argues that his sentence is constitutionally excessive. We examine each argument in turn.
Ferrell argues that he should have received a suspended sentence because he is a first felony offender with no juvenile record. A suspended sentence is not mandated, simply because a defendant is a first felony offender. State v. Tolliver, 621 So.2d 17, 21 (La.App.2d Cir.1993). A sentencing court continues to have discretion as to whether it will impose a suspended sentence unless the law provides otherwise. State v. Tolliver, supra. The trial court had before it a report from a pre-sentencing investigation (PSI) of Ferrell. According to the PSI, a confidential informant made two controlled buys of cocaine from Ferrell shortly before his arrest. On the stand, Ferrell's wife admitted to having a $200 per day drug habit, although the couple's only legitimate source of income was from odd jobs and from intermittently breeding dogs. This information when coupled with the $1,566.74 in cash seized during the execution of the search warrant, supported the trial court's finding that Ferrell was more than just a passive participant in the drug environment. Under these circumstances, we find no abuse in the trial court's decision not to give Ferrell a suspended sentence. Thus, this part of Ferrell's argument is without merit.
*981 Ferrell's last argument is that his sentence is excessive and out of proportion to the seriousness of the offense. A sentence violates LSA-Const. Art. 1, § 20 (1974), if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 358 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989). A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.) writ denied, 521 So.2d 1143 (1988).
In the present case, the statutory range of punishment for possession of cocaine is imprisonment with or without hard labor for not less than two years and not more than five years. LSA-R.S. § 40:967(C)(1). Under the Louisiana Sentencing Guidelines, he would have been exposed to 15-30 months of imprisonment. Ferrell was sentenced to thirty-six months (three years) at hard labor. Thus, the sentence imposed upon Ferrell was within the statutory maximum, and is only six months more than the maximum sentence that the guidelines recommend. See and compare State v. Barnes, 607 So.2d 872, 874 (La.App.2d Cir.1992) (holding that a sentence within the Louisiana Sentencing Guidelines recommendation is not excessive under the Louisiana constitution).
As we have stated above, the fact that Ferrell had sold drugs twice in the past, his wife had an expensive drug habit, and Ferrell had only intermittent legitimate sources of income allows the inference that Ferrell derived part of his income from illicit drug deals. Additionally, Ferrell admitted in his PSI that he was a regular user of marijuana. Considering the extent of Ferrell's involvement with illegal drugs, it cannot be said that his sentence shocks our sense of justice nor can it be said that the trial court abused its discretion. Moreover, the evidence that Ferrell derived his income from illicit drug deals would substantiate an upward departure from the guidelines. Such activity would constitute an aggravating circumstance as described in La. S.G. § 209(B)(15) ("[t]he offense was a controlled dangerous substance offense and the offender obtained substantial income from ongoing drug activities"). Thus, this argument has no merit.
Pursuant to LSA-C.Cr.P. Art. 920(2), we have examined the record for error patent and found none.

CONCLUSION
After examining the record, we find that there was sufficient evidence in the record to support Ferrell's conviction for possession of cocaine. We also find that the imposed sentence was not excessive. For these two reasons, we affirm Ferrell's conviction and sentence.
AFFIRMED.