21 So.3d 1027 (2009)
STATE of Louisiana, Appellee,
v.
Anthony Mark MANDIGO, Appellant.
No. 44,698-KA.
Court of Appeal of Louisiana, Second Circuit.
September 30, 2009.
Rehearing Denied October 22, 2009.
*1028 Lawrence M. Johnson, for Appellant.
Charles R. Scott, District Attorney, Catherine M. Estopinal, Jason T. Brown, Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and LOLLEY, JJ.
STEWART, J.
The defendant, Anthony Mark Mandigo, was convicted of possession of a Schedule II controlled dangerous substance in excess of 28 grams but less than 200 grams, which is a violation of La. R.S. 40:967(F)(1)(a). He was subsequently adjudicated as a fourth felony offender and sentenced to life imprisonment without the benefit of parole, probation or suspension of sentence. The defendant now appeals. For the reasons discussed below, we affirm the defendant's conviction and sentence.

*1029 FACTS
On March 25, 2008, the Shreveport Police Department ("SPD") and the Caddo Parish Sheriff's Office ("CPSO") were conducting a narcotics investigation based on information supplied by a confidential informant ("CI"). This CI, whom the agencies had used in the past, had previously provided accurate and reliable information. The CI had made contact with the defendant and had arranged to buy 62 grams of crack cocaine. The defendant instructed the CI to pick up the crack cocaine at the Ashton Pines Apartments in Shreveport, Louisiana. Law enforcement instructed the CI to change the location to the parking lot of the Circle K located near West 70th Street and Pines Road because it would be less dangerous for the agents to conduct surveillance on that location. While the CI was waiting in the parking lot, he was contacted by the defendant via cellphone and told to meet the defendant at a Walgreens parking lot, which was approximately a half block away from the Circle K.
The CI drove to the Walgreens parking lot and sat in his vehicle. A narcotics agent with the CPSO, Sean McCollough, was already in the parking lot conducting surveillance. The defendant arrived at the Walgreens parking lot with his 11-year-old daughter as a passenger in the vehicle. He was driving around the parking lot when the agent in charge of the investigation, L.J. Scott, ordered a "take-down." Agent McCollough then positioned his truck to block the defendant's vehicle, exited his truck wearing a vest with "sheriff's office" written across his chest and back. His M-16 rifle was in a ready position. He identified himself as a member of the sheriff's office and ordered the defendant to get out of the vehicle. Instead of exiting his vehicle, the defendant accelerated toward the agent. Remembering that the child was in the front seat of the car, Agent McCollough lowered his rifle and shot one of the vehicle's tires out.
The defendant then backed up and turned his vehicle to effectuate an escape. At this point, Agents L.J. Scott and Darren Marshall had arrived at the parking lot and began to follow the defendant's vehicle. While doing so, they noticed the defendant slow down next to a dumpster and throw something out of the driver's side window. The object flew over the dumpster and landed on the ground. Agent Scott retrieved the item, while the defendant was apprehended by other law enforcement personnel arriving on the scene. The item thrown from the vehicle was later identified as a clear plastic bag containing approximately 62 grams of crack cocaine.
Subsequent to the defendant's arrest, officers went to the apartment at Ashton Pines from which the defendant had left to meet the CI. At the apartment, the defendant's girlfriend answered the door and allegedly gave verbal and written consent for officers to conduct a search. During the search, the officers allegedly discovered and seized additional cocaine measuring in excess of 400 grams and materials believed to be used in the production of crack cocaine including a measuring cup containing water and crack cocaine and scales.
As a result of the arrest and subsequent search of the apartment, the defendant was charged by bill of information with one count of possession of a Schedule II controlled dangerous substance in excess of 28 grams but less than 200 grams in violation of La. R.S. 40:967(F)(1)(a), one count of possession of a Schedule II controlled dangerous substance in excess of 400 grams in violation of La. R.S. 40:967(F)(1)(c), and one count of manufacture of a Schedule II controlled dangerous *1030 substance in violation of La. R.S. 40:967(A)(1). On April 10, 2008, counsel for the defendant filed a motion for discovery and production of documents. On July 28, 2008, the state filed its response to the defendant's discovery requests containing a certificate signed by the assistant district attorney indicating that a copy of the response had been "forwarded to attorney for the defendant" that same date.
The matter came for jury trial on August 18, 2008, at which time the counsel for the defendant answered "ready for trial" and then indicated to the court that the defendant would be waiving his right to a jury trial. On the morning of August 28, 2008, the matter was called for bench trial, the counsel for the defendant made an oral motion for a continuance on the basis that he had never received discovery responses from the state. The state objected to the continuance on the basis that the state had responded to discovery on July 28, 2008, and that the defense made no mention of the state's alleged failure to respond when it answered ready for trial 10 days earlier. In addressing the state's contention, counsel for the defendant indicated that he had answered ready in error and reiterated that he had not received the discovery responses. The court, having listened to the transcripts from the proceedings of August 18, 2008, denied the continuance finding that the defendant had answered ready for trial on that day. The defense's objection to the ruling was noted for the record.
Counsel for the defendant was then allowed to make an in-court filing of a motion to suppress the drugs seized in the Walgreens parking lot, but also the items seized from defendant's apartment where a consensual search took place. The state requested and was allowed to try the motion to suppress and go to trial solely on count one charged in the bill of information, the charge of possession of a Schedule II controlled dangerous substance in excess of 28 grams but less than 200 grams, in violation of La. R.S. 40:967(F)(1)(a).
The trial judge found the defendant guilty as charged on one count of possession of a Schedule II controlled dangerous substance in an amount exceeding 28 grams but less than 200 grams, which is a violation of La. R.S. 40:967 F(1)(A). The state filed a habitual offender bill charging the defendant as a fourth felony offender. The defendant filed a motion for new trial on the basis that trial court erred in both denying the motion to suppress and in denying the defense a continuance when the state had allegedly failed to provide responses to the defense's discovery requests. The motion for new trial was denied and after all evidence was adduced, the defendant was adjudicated a fourth felony offender. The defendant was sentenced on November 5, 2008, to life imprisonment without the benefit of parole, probation or suspension of sentence. A subsequent motion to reconsider sentence was denied. The instant appeal followed.

LAW AND DISCUSSION
In the defendant's sole assignment of error, he asserts that trial court erred in denying his motion for a continuance. The defendant contends that he requested the continuance because he had not been furnished with any discovery material after filing the appropriate motion. More specifically, the defendant argues that the trial court's denial of the motion for a continuance was an abuse of discretion because a continuance would not have inconvenienced the witnesses or attorneys and that the denial specifically prejudiced the defendant because the instant conviction led to his fourth felony offender adjudication and mandatory life sentence.
*1031 The state, on the other hand, argues that the defendant counsel's answering "ready for trial" 10 days before the bench trial was held, his failure to complain at any point in the interim about not receiving discovery, and the fact that its discovery responses were filed in the record on July 28, 2008, all cast doubt on the merits of the last-minute request for a continuance. Furthermore, the state argues that the defendant's allegation that a continuance would not have caused any inconvenience is conclusory and unsupported by facts and that the defendant has also failed to allege any specific prejudice arising from the denial of the continuance.
La. C. Cr. P. art. 707 reads:
A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice.
However, under extenuating circumstances, an oral motion is sufficient. State v. Bullard, 29,662 (La.App.2d Cir.9/24/97), 700 So.2d 1051. The grant or denial of a motion for continuance or a motion for recess is within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. State v. Morris, 43,522 (La.App. 2 Cir. 9/17/08), 996 So.2d 306. The decision whether to grant or deny a motion to continue depends on the circumstances of each particular case. State v. Commodore, XXXX-XXXX (La.App. 4 Cir. 11/21/00), 774 So.2d 318. Where the circumstances that allegedly make the continuance necessary arise unexpectedly, and the defendant has no opportunity to prepare a written motion, the trial judge's denial of the defendant's motion for a continuance is properly reviewable on appeal. State v. Parsley, 369 So.2d 1292 (La.1979).
Even when an abuse of discretion is shown, this court typically declines to reverse a conviction based on the denial of a continuance absent a showing of specific prejudice. State v. Brooks, 40,186 (La. App. 2 Cir. 10/26/05), 914 So.2d 110. The specific prejudice requirement may be disregarded only where the time allowed defense counsel to prepare is so minimal that the fairness of the proceeding becomes questionable. State v. Gipson, 28,113 (La.App.2d Cir.6/26/96), 677 So.2d 544, writ denied, 1996-2303 (La.1/31/97), 687 So.2d 402.
In the instant case, the record does not indicate that the circumstances allegedly giving rise to the motion occurred unexpectedly so as to have prevented defense counsel from preparing a motion. However, in the interest of judicial economy, the merits of defendant's claim are addressed below.
On July 28, 2008, the state's discovery responses were filed and the state certified that same had been forwarded to defense counsel. Defense counsel answered ready for trial on August 18, 2008. The trial court reasonably treated this as an acknowledgment that defense counsel had received any and all information to which he was entitled from the state in order to prepare a defense. The approximate three-week span that the state's responses were in the record prior to the first trial setting when the counsel for the defendant answered ready for trial is an adequate amount of time for the defendant's counsel to prepare a defense.
*1032 Even if the defendant's counsel erroneously answered that he was ready for trial, he had an additional 10 days in which to discover his error and raise the issue with the trial court and/or the state. Unfortunately, the record gives no indication that he did. Furthermore, if he had examined the suit record, he would have been able to review the state's discovery responses that he claimed he had not received.
There is no showing of any specific prejudice, either in the motion for continuance or in the brief, which may have resulted from the lack of discovery. There is no indication as to what defense, if any, could have been set forth if additional time had been granted. Under these circumstances we cannot conclude that the trial judge abused his discretion, nor that defendant was so prejudiced by the denial as to require a reversal of the conviction.
This assignment is therefore without merit.

CONCLUSION
Accordingly, for the reasons assigned, we affirm the defendant's conviction and sentence.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, MOORE and LOLLEY, JJ.
Rehearing denied.